**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| Jeanie L. Montgomery,<br><br>Plaintiff,<br><br>v.<br><br>Frank Bisignano, Commissioner of Social Security,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 5:26-1129-RMG<br><br>**ORDER** |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Supplemental Security Income (SSI). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on September 28, 2026, recommending that the Commissioner's decision be reversed and remanded for further proceedings. (Dkt. No. 13). The Commissioner filed no objections to the R & R.

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social

Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

**Discussion**

Plaintiff asserted a claim for SSI benefits based upon a change in her medical condition in October 2022, with the diagnosis of epilepsy, and the side effects of medications she takes for her epilepsy. Plaintiff asserts that one to two times a week she develops an aura secondary to her medication, which includes symptoms of migraines, chest pain, and disorientation. The Vocational Expert testified that if an applicant for Social Security benefits missed two days of work per month that would eliminate any jobs available in the national economy. Despite the testimony of Plaintiff and the Vocational Expert, the Administrative Law Judge (ALJ) found that Plaintiff retained the residual functional capacity (RFC) to perform less than the full scope of light work.

The Magistrate Judge recommended that the Commissioner's decision be reversed and remanded because the ALJ "failed to explain the impact of Plaintiff's auras and migraines on her ability to work full-time, especially given the testimony of the VE." (Dkt. No. 13 at 18). The Magistrate Judge recommended on remand the ALJ further consider the Plaintiff's RFC and subjective statements regarding the impact of auras and migraines on her capacity to function in a competitive work setting. (*Id.*).

The Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that the decision of the Commissioner should be reversed and remanded to address the unexplained disconnect between the RFC, the testimony of the Vocational Expert, and Plaintiff's subjective statements regarding the frequency and impact of her auras secondary to her medication.

**Conclusion**

Based on the foregoing, the Court **ADOPTS** all of the R & R of the Magistrate Judge (Dkt. No. 13) as the Order of the Court. The Court **REVERSES** the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g), and **REMANDS** the matter to the agency for further review consistent with this Order.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
August 13, 2026